SUTTON, Circuit Judge,
concurring.
I concur in full in the per curiam opinion, but write separately to make one point.

Williams v. Kentucky, 24 F.3d 1526, 1543 (6th Cir. 1994), seems to say that federal courts may order state officials to conform to state law through a lawsuit for money damages if the lawsuit names the state employees in their individual capacities and without regard to whether the State has consented to the lawsuit. I say “seems” because it is not clear from the rest of Williams that the plaintiffs sought money damages, as opposed to injunctive relief, under state law. I am skeptical about this statement in Williams, whether dictum or not, and skeptical of the statements of a few other courts of appeals to the same effect, see, e.g., Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508 (1st Cir. 2009); Wilson v. UT Health Center, 973 F.2d 1263 (5th Cir. 1992); Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).
A core feature of sovereignty is the state’s authority to decide when and where it can be sued, Alden v. Maine, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Ohio has not consented to allow its employees to be sued in federal court for actions taken in the scope of their employment. We know that a claimant cannot *786 evade that bar by seeking injunctive or declaratory relief against a state official acting within the scope of his authority, whether- the action names the state employee in their individual or official capacity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Pennhurst, it’s true, did not address today’s setting: an individual capacity money damages action. But I see no reason why the rationale of the decision does not apply equally, if not more forcefully, to a state law money damages action against a state employee. The essential insight of the decision is that federal courts do not have authority to command the States to follow their own laws. Id. at 100, 104 S.Ct. 900. “When a suit is brought only against state officials,” it says, we apply a functional test to see whether “the state is the real, substantial party in interest.” Id. at 101, 104 S.Ct. 900 (quotation omitted). That functional test covers today’s case. The plaintiffs have not sued these individuals for causing a car accident on their way to fetching a gallon of milk. They have sued them for actions taken under state law, which is why the Ohio Attorney General represents them. When it comes to the comity and sovereignty considerations of Pennhurst, the State surely is the real party in interest when the plaintiff sues the state official for actions taken within the scope of his authority. Id. at 121, 104 S.Ct. 900.
When a federal court enjoins a state official from doing his job, Pennhurst says that the State is the real party in interest because the lawsuit will prevent the state employees from performing their official duties. The same principle applies when a federal court tells a state official that he owes damages under state law for doing his job. Doctrines that turn on “individual capacity” and “official capacity” make sense in the context of actions designed to require the States and their employees to comply with federal law. See, e.g., Kentucky v. Graham, 473 U.S. 159, 167-68, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Hafer v. Melo, 502 U.S. 21, 30, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). But they make far less sense, indeed little sense, in the context of federal-court actions designed to bring States to heel under their own law.
A state official who violates the United States Constitution, Ex parte Young says, is not acting on behalf of the State because States cannot authorize unconstitutional action. 209 U.S. 123, 160, 28 S.Ct. 441, 52 L.Ed. 714 (1908). For that reason, an official who acts unconstitutionally is “stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.” Id. (emphasis added). But Penn-hurst explains that the “entire basis” for the Ex parte Young fiction “disappears” when a plaintiff alleges that a state official has violated state (rather than federal) law. 465 U.S. at 106, 104 S.Ct. 900. “Entire basis” exactly. That’s because the Ex parte Young fiction serves only to “vindicate federal rights and hold state officials responsible to ‘the supreme authority of the United States.’ ” Id. at 105, 104 S.Ct. 900 (emphasis added). In marked contrast, the “need to reconcile competing [federal and state] interests is wholly absent ... when a plaintiff alleges that a state official has violated state law.” Id. at 106, 104 S.Ct. 900.
Accordingly, when a plaintiff alleges that a state official has violated state law, there’s no reason to assume (as we do when a plaintiff alleges that a state official has violated federal law) that an “individual capacity” suit is one against the official in his person rather than one against the State. As in Pennhurst, then, so too here: *787 When a state employee acts within the scope of his authority, a state-law suit against him in federal court is functionally a lawsuit against the State for sovereign immunity purposes, regardless of whether the suit seeks damages or injunctive relief.
This straightforward approach leads to a straightforward rule and exception. The rule: If the plaintiff sues a state official under state law in federal court for actions taken within the scope of his authority, sovereign immunity bars the lawsuit regardless of whether the action seeks monetary or injunctive or declaratory relief. The exception: If the plaintiff sues the official for actions beyond the official’s authority, the State’s sovereign immunity does not apply. The rule, not the exception, applies here.